UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-5353 FMO (Ex)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Dorian Criztel Juncos Radilla v. Costco Warehouse Corporation** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**      **(In Chambers) Order Remanding Action**

On February 3, 2026, Dorian Criztel Juncos Radilla ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Costco Wholesale Corporation ("Costco" or "defendant") (apparently erroneously sued as "Costco Warehouse"), asserting state law personal injury claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-2, Complaint at ECF 4-9).  Defendant was served with the summons and Complaint on February 6, 2026.  (See Dkt. 1, NOR at ¶ 2).

On May 18, 2026, defendant removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (See Dkt. 1, NOR at ¶ 15).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  Defendant contends that removal is timely because it "learned on April 22, 2026, [through plaintiff's discovery responses] that Plaintiff is a citizen of the State of California" and that the amount in controversy exceeded the jurisdictional threshold.  (See Dkt. 1, NOR at ¶¶ 12-13, 18); (Dkt. 1-1, Declaration of Sevan Gobel ("Gobel Decl.") at ¶¶ 8-11); (Dkt. 1-7, Exh. F (Plaintiff's Responses to Form Interrogatories) at Nos. 2.3 & 2.5); (Dkt. 1-5, Exh. D (Plaintiff's Responses to Request for Admissions) at No. 27).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-5353 FMO (Ex)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Dorian Criztel Juncos Radilla v. Costco Warehouse Corporation** | | |

must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).  Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3]  See 28 U.S.C. § 1332(a).

Here, defendant contends that complete diversity exits because it is a citizen of the State of Washington, (see Dkt. 1, NOR at ¶ 20), and plaintiff "disclosed being a citizen" of California. (See id. at ¶ 9); (id. at ¶ 18).  However, contrary to defendant's representation, plaintiff did not disclose being a citizen of California in her discovery responses.  Instead, plaintiff merely stated that she held a California's driver's license and has lived at an address in Los Angeles since 2018. (See Dkt. 1-7, Exh. F (Plaintiff's Responses to Form Interrogatories) at Nos. 2.3 & 2.5).  Along the same lines, plaintiff admitted that she was a resident of Los Angeles County.  (See Dkt. 1-5, Exh. D (Plaintiff's Responses to Request for Admissions) at No. 27).  Thus, at most, plaintiff indicated that she was a resident of California, but "the diversity jurisdiction statute . . . speaks of citizenship, not of residency[,]" so "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  In re Anthem, Inc., 129 F.Supp.3d 887, 893 (N.D. Cal. 2015) (quoting Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)).  A natural

---

v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2]  In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

[3]  Costco seeks only to invoke the court's diversity jurisdiction.  (See Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-5353 FMO (Ex)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Dorian Criztel Juncos Radilla v. Costco Warehouse Corporation** | | |

person is a citizen of the state in which she has her domicile, i.e., her "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter, 265 F.3d at 857; see also Lew v. Moss, 797 F.2d 747, 749-50 (noting a person's domicile is the "location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.") (internal quotation marks and alteration omitted). Determining a person's domicile "involves a number of factors[,]" Lew, 797 F.2d at 750, including: (1) current residence; (2) voting registration and voting practices; (3) location of personal and real property; (4) location of brokerage and bank accounts; (5) location of spouse and family; (6) membership in unions and other organizations; (7) place of employment or business; (8) driver's license and automobile registration; and (9) payment of taxes. Id. No single factor is determinative. Id. While defendant arguably has shown that plaintiff currently resides in California and has a California driver's license, it has not attempted to address the other factors that go into determining a person's citizenship. (See, generally, Dkt. 1, NOR). Such a failure is striking given that defendant did not remove this action until after it received plaintiff's discovery responses. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Any pending motion is denied as moot.

| 00 | : | 00 |
|---|---|---|

Initials of Preparer        vdr